UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

**DAVID P. LUDINGTON,**
**LESLIE L. LUDINGTON,**
      **DEBTORS.**

CHAPTER 11
CASE NO. 25-04798-5-PWM

**DAVID P. AND LESLIE L. LUDINGTON'S PLAN OF REORGANIZATION,**
**DATED DECEMBER 3, 2025**

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of David and Leslie Ludington, (the "Debtors") from their continued salaries obtained through employment at Cisco Systems. .  This Plan provides for 1 class of secured claims, 2 classes of general unsecured claims and 1 class of equity interests. This Plan also provides for the payment of administrative and priority claims in a manner permitted by the Code.  Specifically, Priority Tax claims will be paid in full no later than 60 months from the Petition Date.

All creditors and equity security interests should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    <u>Class 1A</u>.    The claim of Chase Mortgage, ("Chase"), to the extent allowed as a secured claim under § 506 of the Code.

2.02    <u>Class 2.</u>    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.03    <u>Class 3A</u>.    All individually-owed unsecured claims allowed under § 502 of the Code.

2.04    <u>Class 3B</u>.    All jointly-owed unsecured claims allowed under § 502 of the Code.

2.04    <u>Class 4</u>.    The interests of the individual Debtors in property of the estate

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section § 1123(a)(1), administrative expense claims, "gap" period claims in an involuntary case allowed under § 502(f) of the Code, and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of Code , and a "gap" claim in an involuntary case allowed under § 502(f) of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid in full no later than 60 months from the petition date.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

1.    *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Description (name and type of tax) |
|---|---|---|---|
| None. | $0.00 | N/A | N/A |

2. *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1A | *Secured claim of:* Chase Mortgage, ("Chase") <br><br> Collateral description = House and lot located at 1133 Tulip Poplar Road in Fuquay-Varina, NC. <br><br> Allowed Secured Amount = $268,811.00 <br><br> Priority of lien =1st priority <br><br> Principal owed = $268,811.00 <br><br> Pre-pet. arrearage = $0.00 <br><br> Total claim = $268,811.00 | No | Impaired | Monthly Pmt = $1,586.64 <br><br> The Debtors will continue to make regular ongoing payments to this creditor under the terms of the parties pre-petition contract, until the claim is paid in full. This plan does not modify or impair the parties contractual rights in any way, **except that** they will cure the pre-petition arrears in full with one lump-sum payment due within sixty days after the Effective Date of the Plan. |

3. *Classes of Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

4

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2 | None | | |

4. *Classes of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plans proposed treatment of Classes 3A through 3B, which contain general unsecured claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 3A | General Unsecured Class (Claims owed only by individual Debtors, not jointly) | Impaired | Quarterly pmt = $1,200.00<br><br>Pmts Begin    4/1/2026<br><br>Pmts End    1/1/2031<br><br>Interest rate %    = 0%<br><br>Estimated percent of claim paid    = 9%<br><br>The Debtors believe that current unsecured claims are approximately $293,998.41. The Debtors will pay approximately 8% of Allowed General Unsecured Claims over 60 months, which shall be distributed to Allowed General Unsecured Claim in this class on a pro rata basis in quarterly payments of $1,200.00, a total Class 3 payment in the amount of $24,000.00. |

| | | | |
|---|---|---|---|
| 3B | General Unsecured Class (Claims owed jointly by both Debtors) | Impaired | Quarterly pmt = $2,400.00<br><br>Pmts Begin    4/1/2026<br><br>Pmts End    1/1/2031<br><br>Interest rate %    = 0%<br><br>Estimated percent of claim paid    = 22%<br><br>The Debtors believe that current unsecured claims are approximately $213,935.99. The Debtors will pay approximately 22% of Allowed General Unsecured Claims over 60 months, which shall be distributed to Allowed General Unsecured Claim in this class on a pro rata basis in quarterly payments of $2,400.00, a total Class 3B payment in the amount of $48,000.00. |

5. The interests of the individual Debtor in property of the estate.

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the class of equity interest holders:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 4 | Debtors' interest in property of the Estate | Impaired | Title to and ownership of all property of the estate will vest in the Debtors upon Confirmation of the Plan, subject to all valid liens of Secured |

| | | | |
|---|---|---|---|
| | | | Creditors under the Confirmed Plan. Liens of bifurcated Claims will be valid only to the extent of the Allowed Secured Amount of the Claim.<br><br>**To the extent that Class 3 does not accept the Plan, the debtors will offer $3,000.00 of new Value for the purchase of their equity interests in the estate.  In the event that any party desires to offer an amount in excess of $3,000.00 for the purchase of said equity interests, they must do so in writing to Debtors' counsel no later than the court-established deadline for balloting on this plan.  In the event there are no other parties willing to bid for the equity interests by the balloting deadline, the amount offered by the Debtors shall be deemed the accepted bid for said equity interests.**<br><br>**The Debtors shall obtain the $3,000.00 as a withdrawal from Debtor's exempt retirement account.** |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

The Debtors shall rejects all leases and executory contracts owed on the Petition Date.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than January 1, 2026.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by the following:

The Debtors expect continued income for the period following confirmation of their Plan as follows:

-Male Debtor's anticipated Net Salary Income        $6,507.01

TOTAL EXPECTED POST-PETITION NET INCOME:        $6,507.01

The Debtors expect continued income for the period following confirmation of their Plan as follows:

    -Male Debtor's anticipated Net Salary Income    $6,507.01

TOTAL EXPECTED POST-PETITION NET INCOME:    $6,507.01

The Debtors expect their Post-petition living expenses, not including debt repayments included in this plan, but including their residential mortgage payment, to average $5,054.24. This amount is derived from the Debtors' anticipated normal monthly living expenses, including property taxes, property insurance, maintenance and HOA dues not paid through escrow in their proposed Plan payments as described herein above. After payment of monthly living expenses, the Debtors expect to have $1,452.77 available to make payments under their Plan.

The Debtors' secured debt payments, as proposed in their Chapter 11 Plan, are as follows:

1A.    Chase:    $0.00 (Included in Expenses above)

TOTAL SECURED DEBT PAYMENTS UNDER PLAN:  $0.00

TOTAL UNSECURED PAYMENTS UNDER PLAN:    $1,200.00
(Paid Quarterly but reduced to monthly for calculation)

TOTAL PRIORITY PAYMENTS UNDER PLAN:    $0.00

TOTAL OF ALL PLAN PAYMENTS:    $1,200.00

TOTAL NET INCOME AVAILABLE TO FUND
POST-PETITION EXPENSES AND PLAN PAYMENTS:    $1,452.77

Net income left after payment of all post-petition expenses and Plan payments: $252.77

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02    <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such

entity.

      8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or Federal Rules of Bankruptcy Procedure), the laws of the State of North Carolina shall govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      8.07    Corporate Governance. Not applicable.

## ARTICLE IX
## DISCHARGE

      9.01    Discharge.  Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all general unsecured payments under Class 3 of the Plan, or as otherwise provided in § 1141(d)(5) of the Code.  Debtors will not be discharged from any debt excepted from discharge § 523 of the Code, except as provided in Rule 4007(C) of the Federal Rules of Bankruptcy Procedure.  The Debtors shall be entitled to Discharge after completing all payments to Class 3 under the Plan.

## ARTICLE X
## OTHER PROVISIONS

      The Debtor's failure to make any plan payment (including monthly priority tax payments) by the due date constitutes delinquency in payment which must be cured within 30 days.  If the Debtor fails to cure any such delinquency within 30 days, the Debtor shall be in default.  Upon default, creditors may resume collection actions on the full balance owing at time of default and may seek dismissal or conversion of the bankruptcy case.

      S/David Ludington
      David Ludington

      S/Leslie Ludington
      Leslie Ludington

      S/Danny Bradford
      Danny Bradford, Attorney for Debtors